**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Tenislao Toribio Cabrera, *Individually and on behalf of all others similarly situated,*<br><br>　　　　　　　　　　Plaintiff,<br>　　　-v-<br><br>Rose Hill Asset Management Corporation a/k/a RHAMCO, and<br>Brudava Corp.,<br><br>　　　　　　　　　　Defendants. | Civ. Action #:<br><br>**Complaint**<br>**(Collective and Class Action)**<br><br>Date Filed:<br><br>**Jury Trial Demanded** |

　　　　Plaintiff Tenislao Toribio Cabrera ("Plaintiff," or "Cabrera"), on behalf of himself and all others similarly situated, by Abdul Hassan Law Group, PLLC, his attorney, complaining of Defendants Rose Hill Asset Management Corporation a/k/a RHAMCO, and Brudava Corp., (collectively "Defendants"), respectfully alleges as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges that he was employed by Defendants, individually, and/or jointly, and pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) entitled to maximum liquidated damages and attorneys' fees pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. including 29 U.S.C. §§ 216(b).

2. Plaintiff further complains pursuant to New York Labor Law, he is: (i) entitled to unpaid overtime wages from Defendants for working more than forty hours in a week and not being paid an overtime rate of at least 1.5 times his regular rate for such hours over forty in a week; and (ii) is entitled to maximum liquidated damages and attorneys' fees, pursuant to the New York Minimum Wage Act ("NYMWA"), N.Y. Lab. Law §§ 650 et seq., including NYLL § 663, and the regulations thereunder.

3. Plaintiff further complains under Fed. R. Civ. Proc. 23, on behalf of himself and a class of other similarly-situated current and former employees who were employed by Defendants individually, and/or jointly, as manual workers, within the six-year period preceding the filing of this action to the date of disposition of this action, that he and they: 1) were employed by Defendants within the State of New York as manual workers; 2) entitled to maximum liquidated damages and interest for being paid overtime wages and non-overtime wages later than weekly; and 3) entitled to costs and attorneys' fees, pursuant to the New York Labor Law ("NYLL") §§ 191, 198, and the regulations thereunder; as well as an injunction prohibiting Defendants from continuing to violate the weekly payment requirement for manual workers set forth in NYLL 191.

4. Plaintiff and the class members are also entitled to recover compensation for not receiving notices and statements required by NYLL 195, and are also entitled to liquidated damages, including liquidated damages on all wages paid later than weekly, under Article 6 of the New York Labor Law including Section 191, 198, and is also entitled to maximum liquidated damages, interest, and attorneys' fees pursuant to Section 198 of the New York Labor Law.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

6. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and/or 29 U.S.C. § 216 (b).

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 2202.

## THE PARTIES

8. Plaintiff Tenislao Toribio Cabrera ("Plaintiff" or "Cabrera") is an adult, over eighteen years

old, who currently resides in Bronx County in the State of New York.

9. Upon information and belief, and at all times relevant herein, Defendant Rose Hill Asset Management Corporation a/k/a RHAMCO ("RHAMCO"), was a New York for-profit corporation with its principal place of business located at 696 E 187th Street, 2nd Floor, Bronx, NY, 10458.

10. Upon information and belief, and at all times relevant herein, Defendant Brudava Corp. ("BC"), was a New York for-profit corporation.

11. At all times relevant herein, Defendant Brudava Corp. owned the building in which Plaintiff was employed and Defendant RHAMCO managed dozens of buildings including the buildings in which Plaintiff worked.

12. At all times relevant herein, Defendants, individual and/or jointly, controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

## STATEMENT OF FACTS

13. Upon information and belief, and at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

14. Upon information and belief and at all times relevant herein, Defendants owned and/or operated 50 or more buildings and employed over 80 employees during the class period.

15. At all times relevant herein, Plaintiff was employed by Defendant as a handyman and Plaintiff performed manual work including maintenance and repairs in two of Defendant's multi-story buildings.

16. At all times relevant herein, Plaintiff was employed by Defendant from on or about November 11, 2019 to on or about February 28, 2020.

17. At all times relevant herein, Defendant paid Plaintiff at a regular rate of $13.50 - $15 an hour at separate times during his employment with Defendant.

18. At all times relevant herein, Defendant did not pay Plaintiff any wages for his overtime hours (hours over 40 in a week) worked in a week, for each week during his employment with Defendant.

19. Upon information and belief, and at all times relevant herein, Plaintiff worked about 52 or more hours each week and likely more, 7 days a week, but was only paid for 40 hours a week worked in a week, for all weeks during his employment with Defendant – Plaintiff was not paid any wages for his overtime hours worked.

20. At all times relevant herein, Plaintiff and the putative class members were paid on a biweekly basis in violation of NYLL 191 (1)(a)(i). See *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 107 N.Y.S.3d 286 (1st Dep't, 2019).

21. A more precise statement of the hours and wages will be made when Plaintiff obtains the wage and time records Defendants were required to keep under the FLSA and NYLL. Accurate copies of plaintiff's wage and time records that Defendants were required to keep pursuant to 29 USC 211, 29 CFR 516 and NYLL 195, 12 NYCRR 142.2-6, are incorporated herein by reference.

22. At all times relevant herein, Defendants did not provide Plaintiff with the notice(s) required by NYLL 195(1).

23. At all times relevant herein, Defendants did not provide Plaintiff with the statement(s) required by NYLL 195(3) – the wage statements provided to Plaintiff did not reflect all hours worked by Plaintiff and did not state the hours worked in each week, among other deficiencies.

24. Upon information and belief and at all times relevant herein, Defendant had annual revenues and/or expenditures in excess of $500,000.

25. At all times applicable herein, Defendants conducted business with vendors/entities/persons within the State of New York.

26. At all times applicable herein and upon information and belief, Defendants utilized the instrumentalities of interstate commerce such as the United States mail, electronic mail, internet and telephone systems.

27. At all times applicable herein and upon information and belief, Defendants utilized the goods, materials, and services through interstate commerce.

28. Defendants as a regular part of their business, makes payment of taxes and other monies to agencies and entities outside the State of New York.

29. At all times applicable herein and upon information and belief, Defendants and the tenants in their buildings conducted business with mortgage companies, banks, insurance companies, and internet/email service providers within and outside the State of New York.

30. Defendants as a regular part of their business, engaged in credit card transactions with involving banks and other institutions outside the state of New York.

31. At all times relevant herein and for the time Plaintiff was employed by Defendants, Defendants failed and willfully failed to pay plaintiff an overtime rate of at least 1.5 times his effective regular rate of pay for all hours worked in excess of forty hours in a week for each week in which such overtime was worked.

32. Upon information and belief, and at all relevant times herein, Defendants failed to display federal and state minimum wage/overtime posters as required by the FLSA and NYLL.

33. Upon information and belief, and at all relevant times herein, Defendants failed to notify Plaintiff of his federal and state overtime rights and failed to inform Plaintiff that he could

seek enforcement of such rights through the government enforcement agencies.

34. "Plaintiff" as used in this complaint refers to the named Plaintiff.

35. The "present" or the "present time" as used in this complaint refers to the date this complaint was signed.

## AS AND FOR A FIRST CAUSE OF ACTION
## FAIR LABOR STANDARDS ACT - 29 U.S.C 201 et Seq.

36. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 35 above as if set forth fully and at length herein.

37. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the FLSA, 29 USC 201 et Seq.

38. At all times relevant to this action, Plaintiff was engaged in commerce and/or in the production of goods for commerce and/or Defendants, individually, and/or jointly, constituted an enterprise(s) engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and/or 207(a).

39. At all times relevant herein, Defendants transacted commerce and business in excess of $500,000.00 annually or had revenues in excess of $500,000.00 annually.

40. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at a rate of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of 29 U.S.C. § 207.

## Relief Demanded

41. Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendants, individually, and/or jointly, his unpaid overtime compensation, maximum liquidated

damages, attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216(b).

## AS AND FOR A SECOND CAUSE OF ACTION
## NYLL 650 et Seq. and 12 NYCRR 142-2.2, 141-1.4 etc. (Unpaid Overtime)

42. Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 40 above as if set forth fully and at length herein.

43. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder including 12 NYCRR § 142, 12 NYCRR § 141-1.4.

44. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor Law, §§ 2 and 651 and the regulations thereunder.

45. At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff overtime compensation at rates of at least 1.5 times his regular rate of pay for each hour worked in excess of forty hours in a week, in violation of the New York Minimum Wage Act and its implementing regulations. N.Y. Lab. Law §§ 650 et seq.; 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4.

### Relief Demanded

46. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, individually, and/or jointly, his unpaid overtime compensation, prejudgment interest, maximum liquidated damages, reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor L. § 663(1).

## AS AND FOR A THIRD CAUSE OF ACTION
## (NYLL § 191, 198 - Untimely Wage Payments)

47. Plaintiff alleges against Defendant RHAMCO[1], on behalf of himself and all others

---

[1] Unlike the individual claims which are brought against both Defendants, the class action claims herein are brought against Defendant RHAMCO only.

similarly situated and incorporates by reference the allegations in paragraphs 1 through 46 above.

48. The class of similarly-situated individuals as to the first cause of action under the NYLL is defined as current and former employees who worked for the Defendants as manual workers within the State of New York and who: 1) were not paid their non-overtime and/or overtime wages weekly as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

49. The class definition will be refined as is necessary, including after discovery if necessary.

50. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 80 members of the class during the class period.

51. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

52. Upon information and belief, there are questions of law or fact common to the class – whether the putative class was paid wages weekly.

53. Upon information and belief, the claims of the representative party are typical of the claims of the class.

54. The representative party will fairly and adequately protect the interests of the class.

55. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

56. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

    (a) Whether, Defendants failed and/or refused to pay the Plaintiff and the putative class

members their wages weekly, as required by NYLL 190(1)(a).

57. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants and in light of the large number of putative class members.

58. At all times relevant to this action, plaintiff and all those similarly-situated as class members, were employed by Defendants within the meaning of the New York Labor Law, §§ 190 et Seq., including NYLL 191(1)(a) and the regulations thereunder.

59. At all times relevant herein, Defendants failed to pay and willfully failed to pay Plaintiff and all those similarly-situated as class members, their wages including overtime and non-overtime wages weekly, in violation of the NYLL 191 (1)(a).

## Relief Demanded

60. Due to Defendants' NYLL 190 et Seq. violations, Plaintiff, and all those similarly situated, are entitled to recover from Defendants, maximum liquidated damages, and interest on wages paid later than weekly, plus attorneys' fees, and costs of the action, pursuant to NYLL § 198.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (NYLL § 190, 191, 193, 195 and 198)

61. Plaintiff alleges against Defendant RHAMCO[2], on behalf of himself and all others similarly situated as class members, and incorporates by reference the allegations in paragraphs 1 through 60 above as if set forth fully and at length herein.

## CLASS ALLEGATIONS

62. Plaintiff sues on his own behalf and on behalf of a class of persons under Rule 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

---

[2] Unlike the individual claims which are brought against both Defendants, the class action claims herein are brought against Defendant RHAMCO only.

63. The class of similarly-situated individuals as to the third cause of action under the NYLL is defined as current and former employees who worked for the Defendants within the State of New York and who: 1) were not paid their wages weekly, as required by NYLL 190(1)(a), as also explained above, within at least the six-year period, preceding the filing of this complaint to the date of disposition of this action.

64. The class of similarly-situated individuals as to the cause of action for NYLL 195(1) and NYLL 195(3) violations is defined as current and former hourly employees of Defendant who: 1) were not provided with the notice(s) required by NYLL 195(1), and 2) were not provided with the statement(s) required by NYLL 195(3).

65. The class definition will be refined as is necessary, including after discovery if necessary.

66. Although the precise number of putative class members is unknown, and facts on which the calculation of that number is based are presently within the sole control of Defendants, upon information and belief, there are over 80 members of the class during the class period.

67. Upon information and belief, the putative class is so numerous that joinder of all members is impracticable.

68. Upon information and belief, there are questions of law or fact common to the class – (a) whether Defendants failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and (b) whether Defendants failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

69. Upon information and belief, the claims of the representative party are typical of the claims of the class.

70. The representative party will fairly and adequately protect the interests of the class.

71. The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with

respect to the class as a whole.

72. There are questions of law and fact common to the class which predominate over any questions solely affecting individual members of the class, including:

   (a) whether Defendant failed to provide Plaintiff with the notice(s) required by NYLL 195(1), and whether Defendant failed to provide Plaintiff and the putative class with the statement(s) required by NYLL 195(3).

73. A class action is superior to other available methods for the fair and efficient adjudication of the controversy - particularly in the context of wage and hour litigation where individual Plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendant and in light of the large number of putative class members.

74. At all times relevant to this action, Plaintiff and all those similarly-situated as class members, were employed by Defendant within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198.

75. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the notice(s) required by NYLL 195(1) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendant to comply with NYLL 195(1).

76. At all times relevant herein, Defendant failed and willfully failed to provide Plaintiff and the class members with the statement(s) required by NYLL 195(3) – Plaintiff and the class are therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendant to comply with NYLL 195(1).

## Relief Demanded

77. Due to Defendant's violations of New York Labor Law Article 6 violations including violation of sections 191, 193, 195 and 198, and the regulations thereunder, Plaintiff, and all

those similarly situated, are entitled to recover from Defendants, their maximum liquidated damages, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## AS AND FOR A FIFTH CAUSE OF ACTION
## NYLL § 190, 191, 193, 195 and 198 – Unpaid and Withheld Wages

78. Plaintiff alleges and incorporates each and every allegation contained in paragraphs 1 through 77 above with the same force and effect as if fully set forth at length herein.

79. At all times relevant to this action, Plaintiff was employed by Defendants, individually, and/or jointly, within the meaning of the New York Labor law, §§ 190 et seq., including §§ 191, 193, 195 and 198 and the applicable regulations thereunder.

80. At all relevant times herein, Defendants violated and willfully violated Plaintiff's rights under NY Labor Law § 190 et seq. including NY Labor Law §§ 191, 193 and 198 by failing to pay Plaintiff all his wages, including his unpaid non-overtime wages, FLSA and NYLL overtime wages, contract overtime/non-overtime wages, and wage deductions, as required under NY Labor Law § 190 et seq.

81. At all times relevant herein, Defendants, individually, and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b), as well as an injunction directing Defendants to comply with NYLL 195(1).

82. At all times relevant herein, Defendants, individually, and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiff is therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d), as well as an injunction directing Defendants to comply with NYLL 195(1).

## Relief Demanded

83. Due to Defendant's New York Labor Law Article 6 violations including violation of sections 191, 193 and 198, Plaintiff is entitled to recover from Defendant, his entire unpaid wages, including his unpaid non-overtime wages, FLSA and NYLL overtime wages, contract overtime/non-overtime wages and wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL §195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests that this Court grant the following relief:

84. Declare Defendant (including its overtime and wage payment policy and practice), to be in violation of the rights of Plaintiff, under the FLSA and New York Labor Law – 12 NYCRR § 142, and Article 6 of the NYLL – NYLL § 190 et Seq.

85. As to the **First Cause of Action**, award Plaintiff his unpaid overtime wages due under the FLSA, together with maximum liquidated damages, costs and attorneys' fees pursuant to 29 USC § 216(b);

86. As to the **Second Cause of Action**, award Plaintiff his unpaid overtime wages due under the New York Minimum Wage Act and the Regulations thereunder including 12 NYCRR § 142-2.2, 12 NYCRR § 141-1.4, together with maximum liquidated damages, prejudgment interest, costs and attorneys' fees pursuant to NYLL § 663;

87. As to the **Third Cause of Action**, order Defendants to pay Plaintiff and the class, interest thereon, maximum liquidated damages, and interest on wages paid later than weekly, plus attorneys' fees, costs and disbursements pursuant to NYLL §§ 191, 198

88. As to the **Fourth Cause of Action**, award of Plaintiff and those similarly situated as class members, maximum recovery for violations of NYLL 195(1) and NYLL 195(3), reasonable attorneys' fees, and costs of the action, pursuant to 12 NYCRR 142-2.10, N.Y. Labor Law §

190 et seq. including § 198.

89. As to his **Fifth Cause of Action**, award Plaintiff any and all outstanding wages, including his entire unpaid wages, including his unpaid non-overtime wages, FLSA and NYLL overtime wages, contract overtime/non-overtime wages and wage deductions, maximum liquidated damages – including liquidated damages on all wages paid later than weekly, prejudgment interest, maximum recovery for violations of NYLL § 195(1) and NYLL § 195(3), reasonable attorneys' fees, and costs of the action, pursuant to N.Y. Labor Law § 190 et seq. including § 198.

90. Award Plaintiff, any relief requested or stated in the preceding paragraphs, but which has not been requested in the WHEREFORE clause or "PRAYER FOR RELIEF", in addition to the relief requested in the wherefore clause/prayer for relief;

91. Award Plaintiff such other, further and different relief as the Court deems just and proper.

**Dated: Queens Village, New York
         March 26, 2020**

Respectfully submitted,


Abdul Hassan Law Group, PLLC

/s/ Abdul Hassan_____

By: Abdul K. Hassan, Esq. (AH6510) - *Counsel for Plaintiff*
215-28 Hillside Avenue, Queens Village, NY 11427
Tel: 718-740-1000 Fax: 718-740-2000
Email: abdul@abdulhassan.com