DocuSign Envelope ID: 124F4137-33C1-4614-A2B0-B87FA676EC6B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
TENISLAO TORIBIO CABRERA,
*Individually and on behalf of all others similarly situated*,

                Plaintiff,

    -v.-

ROSE HILL ASSET MANAGEMENT CORPORATION
a/k/a RHAMCO, and BRUDAVA CORP.,

                Defendants.
-------------------------------------------------------------------------x

Civil Case No. 1:20-cv-02699 (AT)

## **NEGOTIATED SETTLEMENT AGREEMENT AND MUTUAL GENERAL RELEASE**

      Plaintiff Tenislao Toribio Cabrera ("Plaintiff") and Defendants Rose Hill Asset Management Corp. a/k/a RHAMCO ("RHAMCO") and Brudava Corp. ("Brudava," and together with RHAMCO, the "Defendants") (each referred to herein individually as a "Party," and collectively as the "Parties") desire to settle and resolve fully all claims that have been or could have been brought against Defendants by Plaintiff, and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, Plaintiff's claims against Defendants in the lawsuit captioned *Tenislao Toribio Cabrera v. Rose Hill Asset Management Corp., et al.*, Civil Case No. 1:20-cv-02699 (AT), pending in the United States District Court for the Southern District of New York (the "Lawsuit"). The Parties recite, agree and enter into this Agreement as follows:

    **WHEREAS**, Plaintiff was employed at 2506 Davidson Ave, Bronx, New York 10468 (the "Property");

    **WHEREAS**, Plaintiff's employment at the Property was terminated, effective on or about February 28, 2019;

    **WHEREAS**, Plaintiff retained counsel and, through counsel, asserted claims relating to his employment, including underpaid overtime wages, liquidated damages, penalties and interest;

    **WHEREAS**, after negotiations, and to affect a final resolution of all matters relating to Plaintiff's employment, the Parties have agreed to enter into this Negotiated Settlement Agreement and General Release (the "Agreement") as a full, final and complete resolution of this matter; and

    **WHEREAS**, the Parties desire to set forth all of the terms and conditions of their resolution in this Agreement.

**NOW, THEREFORE**, based upon their mutual promises and other good and valuable consideration, the Parties agree as follows:

1. **Consideration.** In consideration for Plaintiff's timely signing this Agreement and complying with the promises made by Plaintiff contained in this Agreement, including the releases and waivers of claims, Defendants agree to provide Plaintiff with the total settlement sum (the "Settlement Sum") of Seventeen Thousand, Forty Dollars and Zero Cents ($17,040.00) in consideration for and in full satisfaction of all claims Plaintiff may have against Releasees (as defined below), known or unknown, asserted or unasserted, through the date of his execution of the Agreement. Such payments shall be allocated as follows:

    (a) Brudava shall issue a check made payable to "Tenislao Cabrera" in the amount of Four Thousand, Two Hundred Fifty Dollars and Zero Cents ($4,250), less applicable taxes and withholdings, in full satisfaction of all Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL") claims Plaintiff may have against Defendants for wages allegedly owed, which shall be reportable on an IRS Form W-2;

    (b) Brudava shall issue a check made payable to "Tenislao Cabrera" in the amount of Four Thousand, Two Hundred Fifty Dollars and Zero Cents ($4,250), in satisfaction of all FLSA and NYLL claims Plaintiff may have against Defendants for alleged liquidated damages, penalties and interest, which shall be reportable on IRS Forms l099 (Box 3);

    (c) Brudava shall issue a check made payable to "Tenislao Cabrera" in the amount of Two Thousand, Five Hundred Dollars and Zero Cents ($2,500.00), in satisfaction of any claims for compensatory damages, including, without limitation, any claims arising out of his employment at the Property or presence at the Property, which shall be reportable on an IRS Form 1099 (Box 3);

    (d) Brudava shall issue a check made payable to "Abdul Hassan Law Group, PLLC" in the amount of Six Thousand, and Forty Dollars and Zero Cents ($6,040.00), as payment for a 1/3 contingency attorney's fee ($5,500.00) and costs ($540), which shall be reportable on an IRS Form 1099 (Box 14); and

    (e) All payments set forth in Paragraphs "1 (a) – (d)" above will be sent to Plaintiff care of his counsel of record, Abdul Hassan Law Group, PLLC, 215-28 Hillside Avenue, Queens Village, NY 11427, Attn: Mr. Abdul Hassan, Esq., within thirty (30) days of the latest of the following: (i) Defendants' counsel being in receipt from Plaintiff of a copy of this Agreement executed by Plaintiff, including a Stipulation and Order of Final Dismissal with Prejudice executed by Plaintiff's counsel, along with IRS Forms W-9 executed by Plaintiff and Plaintiff's counsel; and (ii) Defendants' counsel being in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiffs Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

(f) **Notice of Default and Right to Cure.** In the event that any payment due as set forth in Paragraphs "1 (a) – (c)" above is not received by the close of business on the final date set forth herein for such payment, or, provided that the payment date falls on a weekend or holiday, before the close of business on the next following business day, Plaintiff's counsel shall serve a written notice ("Notice of Default") upon counsel for the Defendants, Stephen P. Pischl, Esq., as specified herein, and Defendants shall have ten (10) business days from receipt of same to cure the default by making such payment.

(g) **Indemnification.** Plaintiff shall be solely responsible for the payment of all local, state and federal taxes, interest, penalties and other liabilities or costs that may be assessed in connection with the settlement sum set forth in Paragraph "1" and its subparts above. Plaintiff further agrees to indemnify and hold Defendants harmless against the payment of any such taxes, interest, penalties and other liabilities or costs that may be assessed by the Internal Revenue Service, or any other taxing authority and/or any other governmental agency (whether federal, state, or local), in connection with such settlement sum, including but not limited to any failure by Plaintiff to report to the proper taxing authorities, or any failure by Plaintiff to pay income taxes on, the payments described in this Paragraph "1" and its subparts above, and/or any prior payment received from Defendants, provided that Defendants, and not Plaintiff, are responsible for any tax liabilities, payments, costs, interest and penalties concerning the employer's portion of any tax withholding obligations. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendants or their counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement. Plaintiff further acknowledges and agrees that neither Defendants nor counsel for Defendants, have provided any advice whatsoever on the taxability of the foregoing settlement payments to Plaintiff.

2. **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in Paragraph "l" or its subparts above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3. **General Release of All Claims by Plaintiff.**

(a) Plaintiff, his heirs, executors, administrators, successors and assigns voluntarily release and forever discharge Defendants, and their respective direct and indirect parent companies and their subsidiaries, divisions, current and former owners, equity holders, officers, board members, directors, principals, shareholders, trustees, administrators, executors, agents, attorneys, employees, former employees, insurers, reinsurers, predecessors, successors and assigns, and their employee benefit plans and programs and their administrators and fiduciaries (collectively the "Releasees") of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, judgments, obligations, union grievances, claims, charges, complaints, appeals and demands whatsoever, in law

or equity, which he may have against Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: the Fair Labor Standards Act, 29 U.SC. § 201 *et seq*.; the New York Minimum Wage Law and all wage orders; the New York Wage and Wage Payment laws, including Sections 190 *et seq*. of the Labor Law; Article 6 of the New York Labor Law; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment, pension, employee benefits, labor or other laws, rules, regulations and/or guidelines, constitutions or ordinances; any public policy, contract (whether oral or written, express or implied) or tort laws; any claim arising under the common law; any other claim for unpaid wages, unpaid overtime, failure to issue proper wage statements and/or wage notices, employment discrimination, retaliation, wrongful termination, constructive discharge, breach of contract, pain and suffering, mental anguish, intentional and/or negligent infliction of emotional distress; any claim for costs, fees, or other expenses, including attorneys' fees or any other action against Releasees, based upon any conduct occurring from the beginning of time up to and including the date of Plaintiff's execution of this Agreement (the "Released Matters").

(b) The release and waiver of claims as against the Releasees described in Subpart (a) of this Paragraph 3 extends only to persons or entities acting on behalf of or in privity with Defendants themselves, and as to such persons or entities must be limited to claims arising from actions taken in their capacity as such.

(c) Plaintiff acknowledges that he has reported all hours worked to Defendants and the Releasees, and that he has been paid in full for and has received all compensation, wages, bonuses, commissions, and benefits due to him for all hours worked including, but not limited to, all wages earned and/or payable through the Effective Date of this Agreement.

(d) Plaintiff expressly acknowledges that he is owed no additional wages, tips, wage supplements, payments, overtime pay, benefits, vacation pay, sick pay, severance pay, commissions, bonuses or other compensation of any kind by Defendants and/or the other Releasees, and that, aside from the Settlement Sum set forth in Paragraph 1 of this Agreement, no other compensation of any kind will be made to Cabrera or on Cabrera's behalf by the Employer or any of the Releasees.

(e) Plaintiff is not waiving the right to vested benefits under the written terms of any pension or welfare benefit plan, if any, claims for unemployment or workers' compensation benefits, any medical claim or any judgment or monetary awards or settlements that may arise related to medical benefits under any benefit plan sponsored by Defendants, claims arising after the date on which Plaintiff signs this Agreement, or claims that are not otherwise waivable under applicable law.

(f) Plaintiff agrees that he will immediately seek and obtain the dismissal of the Lawsuit (including, but not limited to, by returning to Defendants' counsel, Clifton Budd & DeMaria, LLP, the executed Stipulation and Order of Final Dismissal with Prejudice attached to this Agreement as Exhibit "A"), and any other complaint,

lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding (unless such proceeding is a class action in which case Plaintiff agrees to "opt out" of the class and not to participate in the class action) against the Releasees. In the event that, for any reason, any complaint, lawsuit, action, cause of action, administrative charge, claim, controversy, demand, grievance or proceeding covered by this Paragraph "3 (d)" is or remains pending or is instituted on his behalf, Plaintiff agrees: (i) to ask each agency or court with which any such matter is instituted and/or pending to enter an order, without appearance by either party, fully and finally withdrawing the matter and dismissing it with prejudice, and any such orders shall be attached to and become a part of this Agreement; (ii) to not, unless required by law to do so (and then subject to the terms of this Paragraph), testify, provide documents or otherwise participate or request others to participate on his behalf in any such proceeding or litigation arising therefrom or associated therewith; and (iii) in no event, from any such source or proceeding whatsoever, to seek or in any way to obtain or accept any monetary award, recovery, settlement or relief therefrom. Should Plaintiff file or otherwise bring a claim in violation of this Paragraph "3 (d)" or fail to seek and obtain such dismissal or "opt out" in accordance with the terms of this Agreement, he will, at the option of Defendants, be considered in material breach of this Agreement. It is acknowledged and understood by Plaintiff that any and all of Defendants' obligations set forth in this Agreement are conditioned completely and entirely upon the withdrawal and dismissal of any and all such agency, administrative, city, state and federal court investigations, proceedings and actions, including but not limited to the Lawsuit.

(g) The Parties intend that the Release in this Paragraph 3 shall be as broad as possible and shall apply to all claims relating to or arising from Plaintiff's employment or presence at the Property, not specifically excepted in Paragraph 5 of this Agreement, to the greatest extent permitted by applicable law.

4. **General Release of All Claims by Defendants.** In consideration for Plaintiff's timely signing this Agreement and complying with the promises made by Plaintiff contained in this Agreement, including the releases and waivers of claims, to which Defendants are not otherwise entitled, to the greatest extent permitted under applicable law, Defendants knowingly and voluntarily release and forever discharge Plaintiff of and from any and all claims, debts, obligations or liability whatsoever, whether arising in law or equity, whether known or unknown, that they have or may have against Plaintiff, as of the date of execution of this Agreement, including release of all rent and claims in connection with the apartment or apartments Plaintiff resides in or resided in during his employment with any of the Defendants.

5. **Limitations on the Parties' General Releases.** For the avoidance of doubt, the Releases in Paragraphs 3 and 4 of this Agreement are limited by the following:

(a) Nothing in this Agreement restricts or prohibits anyone from (i) complying with a lawful subpoena or other legal process, or (ii) initiating communications directly with, responding to any inquiries from, providing testimony before, providing confidential information to, reporting possible violations of law or regulation to, or

from filing a claim or assisting with an investigation directly with a self-regulatory authority or a government agency or entity, including the U.S. Equal Employment Opportunity Commission, the Department of Labor, the National Labor Relations Board, the Department of Justice, the Securities and Exchange Commission, the Congress, and any agency Inspector General (collectively, the "Regulators"), or from making other disclosures that are protected under the whistleblower provisions of state or federal law or regulation. However, to the maximum extent permitted by law, Plaintiff is waiving his right to receive any individual monetary relief from the Releasees resulting from such claims or conduct, regardless of whether Plaintiff or another party has filed them, and in the event Plaintiff obtains such monetary relief the Releasees will be entitled to an offset for the payments made pursuant to this Agreement. This Agreement does not limit Plaintiff's right to receive an award from any Regulator that provides awards for providing information relating to a potential violation of law.

(b) This Agreement does not release the Parties from their obligations under this Agreement. Any Party may bring a claim for breach of this Agreement. If any Party brings any claim or action for breach of this Agreement or to enforce its respective rights under this Agreement, the prevailing Party shall be entitled to reasonable attorneys' fees and costs that they incur in connection therewith.

(c) Plaintiff has not made any claims, including, without limitation, claims of discrimination, harassment, sexual harassment or sexual abuse, relating to or arising out of his employment at the Property or by Defendants or Releasees or his presence at the Property, and agrees that no such claims exist against any of Defendants or the Releasees.

6. **Medicare Eligibility and Enrollment and Satisfaction of any Medicare Reimbursement Obligations.**

(a) Plaintiff represents and warrants that he has not enrolled in the Medicare program, and that he has not received any medical services or items related to, arising from, or in connection with the Released Matters.

(b) Plaintiff acknowledges and represents that Medicare has not paid for the medical items or services, if any, provided to him in connection with the Released Matters.

7. **Plaintiff's Covenant Not to Return to the Property.** Plaintiff acknowledges and agrees that he his employment at the Property has ended, and he covenants and agrees not to enter the premises at 2506 Davidson Ave, Bronx, New York 10468 for any reason.

8. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice of Plaintiffs Claims ("Stipulation") attached as Exhibit "A" are fully-executed by the Parties and their counsel, subject to Defendants' review of and consent to the motion for judicial approval of the settlement, Plaintiff on behalf of the Parties will submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

9. **Notices.** All notices and other communications related to this Agreement shall be in writing and shall be given by email and hand delivery to the other party or by registered or certified mail, return receipt requested, postage prepaid, or reputable overnight courier (such as Federal Express or UPS). Unless another address is provided to the other Party in writing, notice shall be given:

**To Plaintiff:** c/o Abdul K. Hassan    **To Defendants:** c/o Stephen P. Pischl

Abdul Hassan Law Group, PLLC    Clifton Budd & DeMaria, LLP
215-28 Hillside Avenue    350 Fifth Avenue, 61st Fl
Queens Village, NY 11427    New York, NY 10118
abdul@abdulhassan.com    sppischl@cbdm.com

10. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

11. **No Admission of Wrongdoing.** The Parties agree that neither this Agreement, nor the furnishing of the consideration for this Agreement, nor otherwise complying with its terms, shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

12. **Strict Compliance.** The failure of any Party to insist upon strict compliance with any provision of this Agreement, or the failure to assert any right any Party may have hereunder, shall not be deemed to be a waiver of such provision or right or any other provision or right of this Agreement.

13. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

14. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiff acknowledges that he has not relied on any representations, promises, or agreements of any kind made to his in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

15. **Section Headings.** Section headings are used herein for convenience of reference only and shall not affect the meaning of any provision of this Agreement.

16. **Legal Fees.** Except as provided for in this Agreement, each party will be responsible for its own legal fees or costs, if any, incurred in connection with the negotiation, settlement and delivery of this Agreement.

17. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

18. **Joint Participation in Preparation of Agreement.** The Parties participated jointly in the negotiation and preparation of this Agreement, and each party has had the opportunity to obtain the advice of legal counsel and to review, comment upon, and redraft this Agreement. Accordingly, it is agreed that no rule of construction shall apply against any party or in favor of any party. This Agreement shall be construed as if the Parties jointly prepared this Agreement, and any uncertainty or ambiguity shall not be interpreted against any one party and in favor of the other.

19. **Severability and Modification.** If any provision of this Agreement is declared illegal or unenforceable by this Court, Plaintiff and Defendants agree that this Court has the full discretion to interpret or modify all such provisions to be enforceable and is directed to do so.

20. **Competency to Waive Claims.** At the time of considering or executing this Agreement, Plaintiff was not affected or impaired by illness, use of alcohol, drugs or other substances or otherwise impaired. Plaintiff is competent to execute this Agreement.

21. **Acknowledgments and Affirmations.**

   (a) Plaintiff affirms that in the Lawsuit he has asserted a claim seeking unpaid wage or overtime pay under the Fair Labor Standards Act, the New York State Labor Law, and/or any other law, regulation or basis, and affirms that there is a *bona fide* dispute as to such FLSA claims which are being settled and released by this Agreement. Plaintiff believes that this settlement is fair and reasonable, and authorizes his attorney to seek from the Court approval of the settlement as fair and reasonable under the FLSA, and dismissal of the Lawsuit with prejudice;

   (b) The payments provided for above are in full discharge of any and all of Defendants' alleged liabilities and obligations to Plaintiff, including, but not limited to the claims asserted in the Lawsuit;

   (c) The payments provided for above are in full discharge of any and all alleged claims against Defendants for damages of any kind;

   (d) Except as to any amounts which might be vested and come due under employee benefit plans governed by ERISA or non-qualified deferred compensation, or under the terms of any insurance policies, if any, which may remain in effect for Plaintiff, Defendants do not owe Plaintiff any further compensation, overtime compensation, bonus, incentive compensation, accrued vacation pay or monies of any kind; and

   (e) The payments provided for above fully and completely settle all claims by Plaintiff and Plaintiff's counsel against Releasees for attorneys' fees, costs, disbursements and the like.

- 9 -

(f) Plaintiff further affirms that he has not been subjected to discrimination, harassment, sexual harassment, sex or gender discrimination, or sexual abuse relating to or arising out of his employment, presence or occupancy at the Property or by Releasees;

(g) Plaintiff acknowledges and agrees that (i) he is represented by Abdul Hassan, Esq., (ii) he is satisfied with Mr. Hassan's representation of him in this matter, and (iii) Mr. Hassan used his best efforts to pursue and resolve the disputes between Plaintiff and the Releasees in a manner that is fair to Plaintiff's interests. Plaintiff also represents and agrees that he discussed all aspects of his claims and allegations and this Agreement with his counsel, has been fully advised by his counsel as to his rights, understands that he is waiving significant legal rights by signing this Agreement, and enters into this Agreement voluntarily, with the full understanding of the Agreement and all of its terms.

[*Remainder of Page Intentionally Left Blank*]

**PLEASE READ CAREFULLY. THIS AGREEMENT IS A LEGAL DOCUMENT AND INCLUDES A RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS AS SET FORTH HEREIN, INCLUDING, WITHOUT LIMITING THE GENERALITY OF THE FOREGOING, ALL CLAIMS ARISING UNDER ALL FEDERAL, STATE AND/OR LOCAL LAWS.**

**BY SIGNING THIS AGREEMENT, PLAINTIFF ACKNOWLEDGES AND AFFIRMS THAT HE IS COMPETENT TO ENTER INTO THIS AGREEMENT, THAT HE HAS READ AND UNDERSTANDS AND ACCEPTS THAT THE RELEASE HEREIN WILL FULLY AND FINALLY WAIVE AND RELEASE ANY AND ALL CLAIMS, DEMANDS, DISPUTES AND ANY DIFFERENCES OF ANY KIND WHATSOEVER WHICH HE MAY HAVE HAD OR NOW HAVE AGAINST THE DEFENDANTS AND/OR THE RELEASEES ARISING OUT OF OR RELATING TO HIS EMPLOYMENT WITH THE DEFENDANTS, THAT NO REPRESENTATIONS, PROMISES OR INDUCEMENTS HAVE BEEN MADE TO ME EXCEPT AS SET FORTH IN THIS AGREEMENT, THAT THIS AGREEMENT IS WRITTEN IN A MANNER AND A LANGUAGE THAT IS UNDERSTANDABLE TO HIM, AND THAT HE HAS SIGNED THIS AGREEMENT FREELY AND VOLUNTARILY, INTENDING TO BE LEGALLY BOUND BY ITS TERMS, WITHOUT ANY DURESS OR COERCION, AND WITH FULL UNDERSTANDING OF ITS CONSEQUENCES.**

**IN WITNESS WHEREOF**, the parties hereto knowingly and voluntarily executed this Negotiated Settlement Agreement and Mutual General Release as of the date set forth below:

Dated:   New York, New York
         10/9/2020
         _____, 2020

TENISLAO TORIBIO CABRERA

DocuSigned by:

*Tenislao Cabrera*
_____
Tenislao Toribio Cabrera

[*Remainder of Page Intentionally Left Blank*]

- 10 -

Case 1:20-cv-02699-AT Document 23-1 Filed 10/05/20 Page 11 of 14
Case 1:20-cv-02699-AT Document 31 Filed 11/05/21 Page 11 of 14
DocuSign Envelope ID: [...]

Dated: New York, New York  
_____, 2020

ROSE HILL ASSET MANAGEMENT CORP.

By: _____  
Name: Nikki Lizzio  
Title: Managing agent

Dated: Bronx, New York  
10/19, 2020

BRUDAVA CORP.

By: _____  
Name: Vickie Gonzalez  
Title: Board president

- 11 -

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
TENISLAO TORIBIO CABRERA,
*Individually and on behalf of all others similarly situated*,

       Plaintiff,

  -v.-

ROSE HILL ASSET MANAGEMENT CORPORATION
a/k/a RHAMCO, and BRUDAVA CORP.,

       Defendants.
-----------------------------------------------------------------------X

**STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE**

Civil Case No. 1:20-cv-02699 (AT)

  **IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned attorneys of record for the parties to the above-entitled action, that the Negotiated Settlement Agreement and General Release in this matter having been reviewed by the Court and found to be fair and reasonable, that the above-captioned action and all claims therein shall be dismissed in its entirety, with prejudice, in accordance with the terms of the Negotiated Settlement Agreement and General Release.

  **IT IS FURTHER STIPULATED AND AGREED** that this Stipulation may be executed in counterparts, and that a facsimile or electronic signature on this Stipulation shall have the same force and effect as an original signature.

| ABDUL HASSAN LAW GROUP, PLLC<br>*Attorneys for Plaintiff* | CLIFTON BUDD & DeMARIA, LLP<br>*Attorneys for Defendants* |
|---|---|
| By: _____<br>Abdul K. Hassan, Esq.<br>215-28 Hillside Avenue<br>Queens Village, NY 11427<br>(718) 740-1000 (tel.)<br>abdul@abdulhassan.com | By: _____<br>Stephen P. Pischl, Esq.<br>350 Fifth Avenue, 61st Floor<br>New York, New York 10118<br>(212) 687-7410 (tel.)<br>sppischl@cbdm.com |
| Dated: Queens, New York<br>_____, 2020 | Dated: New York, New York<br>_____, 2020 |

- 1 -

SO ORDERED on this _____ day of _____, 20\_\_\_\_\_.

_____
Hon. Analisa Torres
United States District Judge

- 2 -