UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Tenislao Toribio Cabrera,

                Plaintiff,

-against-

Rose Hill Asset Management Corporation a/k/a/ RHAMCO, and Brudava Corp.,

                Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  7/5/2022

20 Civ. 2699 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, Tenislao Toribio Cabrera, brings this action against Defendants Rose Hill Asset Management Corporation and Brudava Corporation, raising claims for, *inter alia*, unpaid overtime wages under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, and parallel state law claims under the New York Labor Law (the "NYLL") § 190 *et seq.* ECF No. 1.  Plaintiff further brings claims for failure to receive wage notice and wage statements under the NYLL. *Id.*  The parties previously reached a settlement, *see* Settlement, ECF No. 29-1, which the Court declined to approve, finding its liability release clause as to Defendants to be overly broad.  Order, ECF No. 32.  The parties now offer a revised settlement (the "Revised Settlement"), ECF No. 33-1, for the Court's approval.  ECF No. 33; *see also* Letter, ECF No. 29.  For the reasons stated below, the motion is GRANTED.

## DISCUSSION

I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202(a)–(b). Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between

employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

In accordance with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the settlement from the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017) (citation omitted). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (citation omitted).

Where the proposed settlement provides for payment of attorney's fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013) (citing *Wolinsky*, 900 F. Supp. 2d at 336–37). "In an

individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (E.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.*

II.   Analysis

   A.   Settlement Terms

The Revised Settlement provides Plaintiff with a recovery of $17,040 to be allocated as follows: $5,527.50 in settlement of Plaintiff's wage claims; $5,527.50 in settlement of Plaintiff's claims for liquidated damages, penalties, and interest under the FLSA and the NYLL; and $5,985.00 in attorney's fees and costs. Revised Settlement at ¶ 1. Plaintiff's counsel previously identified Plaintiff's best-case scenario for recovery to be a total of $14,470: $4,470 in recovery on his wage claims, and $10,000 in recovery from statutory damages on his wage notice and wage statement claims. Letter at 2. Thus, the settlement amount exceeds Plaintiff's best-case damages recovery.

The parties note that continued litigation will "consume additional significant time and money on both sides," and a settlement will enable both parties to avoid significant burdens and expenses associated with litigation. *Id.* at 3. The parties note that the fact-intensive nature of the issues in dispute—specifically, the parties' "disagreement . . . as to the hours worked and wages paid," would result in "real and serious litigation risks for both sides in this action." *Id.* Additionally, both parties were represented by "experienced attorneys in the area of wage and hour litigation" who "vigorously advocated for their respective clients." *Id.* Plaintiff will

recover more than the unpaid wages he claims, which "further confirms that the settlement was the product of arms' length negotiations." *Id.* Moreover, there is nothing to indicate fraud or collusion. *See id.* The Court concludes, therefore, that the Revised Settlement satisfies each of the *Wolinsky* factors.

The Court previously found that the Settlement's liability release provision was too broad. *See* Order at 4–5. The Revised Settlement significantly narrows the scope of the release clause. Although the release clause still applies to entities and parties beyond Defendants, including Defendants' "directors, principals, shareholders . . . agents, attorneys, employees, former employees . . . predecessors, successors and assigns," it only releases those "persons or entities acting on behalf of or in privity with Defendants themselves," limiting the possibility that unconnected persons or entities will receive an unearned benefit through the parties' agreement. Revised Settlement ¶¶ 3(a)-(b). And, the clause now releases these entities only from "all claims that were or could have been brought arising out of the same facts that gave rise to the claims asserted against [them] by Plaintiff in this action." *Id.* at 1; *see also Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *2 (S.D.N.Y. Dec. 15, 2015) (citing approval of release clauses that are "limited to the claims at issue in this action"). Finally, the release is mutual—that is, Plaintiff is released "from any and all claims, debts, obligations or liability whatsoever." *Id.* ¶ 4. *See Lola v. Skadden, Arps, Meagher, Slate & Flom LLP*, No. 13 Civ. 5008, 2016 WL 922223, at *2 (S.D.N.Y. Feb. 3, 2016) (approving mutual releases of claims in FLSA settlement). The Court finds, accordingly, that Revised Settlement's release clause is fair and reasonable.

Turning to attorney's fees and costs, Plaintiff's counsel seeks a fee of approximately one-third of the settlement proceeds, in the amount of $5,445. Revised Settlement ¶ 1(c). The

4

Second Circuit favors the percentage-of-the-fund method of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [his] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (citations omitted). "Contingency fees of one-third in FLSA cases are routinely approved in this Circuit." *Gonzales v. 27 W.H. Bake, LLC*, No. 15 Civ. 4161, 2018 WL 1918623, at *4 (S.D.N.Y. Apr. 20, 2018) (collecting cases). As a check on the reasonableness of attorney's fees, however, courts still calculate the "lodestar" amount, which is the "product of a reasonable hourly rate and the reasonable number of hours required by the case." *Gaia House Mezz LLC v. State St. Bank & Tr. Co.*, No. 11. Civ. 3186, 2014 WL 3955178, at *1 (S.D.N.Y. Aug. 13, 2014) (quoting *Millea v. Metro-North R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011)).

Plaintiff's counsel, Abdul Hassan, has submitted contemporaneous time records that document his work on this matter. *See* ECF No. 29-2. He has billed approximately 19.79 hours, at a rate of $450 per hour. *Id.* Hassan's requested lodestar is therefore $8,905.50. This is greater than the amount allocated to attorney's fees and costs in the Revised Settlement. Revised Settlement ¶ 1(c). Hassan states that he has been practicing law for over seventeen years, has litigated four hundred wage-and-hour cases in federal court, and that his hourly billing rate is commensurate with his experience. Letter at 4. Nevertheless, the Court concludes—as it has done previously—that Hassan's rate is excessive, and reduces it to $400 an hour. *See Williams v. Arquenta Inc.*, No. 18 Civ. 572, ECF No. 18 at 3 (S.D.N.Y. Aug. 10, 2018).

The reduction in Hassan's hourly rate merits a reduction in the lodestar, for a total of $7,916. Hassan seeks fees of $4,905, factoring in $540 for costs. This results in a lodestar multiplier of 1.61. "[A] multiplier near 2 should, in most cases, be sufficient compensation for the risk associated with contingent fees in FLSA cases." *Fujiwara v. Sushi Yasuda Ltd.*, 58 F.

5

Supp. 3d 424, 439 (S.D.N.Y. 2014).  On this basis, the Court accepts the multiplier of 1.61, and The Court determines attorney's fees and costs of $5,445 to be reasonable under the circumstances.  *See, e.g.*, *Thornhill v. CVS Pharmacy, Inc.*, No. 13 Civ. 5507, 2014 WL 1100135, at *3 (S.D.N.Y. Mar. 14, 2014) (collecting cases).

## CONCLUSION

For the reasons stated above, the parties' motion for approval of the Revised Settlement is GRANTED.  The Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: July 5, 2022
New York, New York

_____
ANALISA TORRES
United States District Judge